**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **A.M. and K.M.**

**No. 22-783** (Kanawha County 21-JA-416 and 21-JA-417)

**MEMORANDUM DECISION**

Petitioner Mother D.C.[1] appeals the Circuit Court of Kanawha County's September 16, 2022, order terminating her parental rights to the children, A.M. and K.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in July 2021, when the DHHR filed a petition alleging that petitioner was improperly treating A.M.'s sickle cell anemia and that petitioner's substance abuse resulted in her involuntary hospitalization. Specifically, the DHHR stated that petitioner did not provide A.M. his prescribed medication for three to four months, resulting in health problems that required hospitalization on several occasions. During its investigation, Child Protective Services ("CPS") discovered that the children had witnessed multiple instances of petitioner's significant other committing domestic violence against her. Based on the foregoing, the DHHR alleged that the children were abused and neglected.

The circuit court proceeded to an adjudicatory hearing in October 2021, at which time the court heard testimony of a DHHR worker.[3] According to the DHHR worker, not only did petitioner fail to treat A.M.'s sickle cell anemia, but K.M. developed a scalp infection so severe that, if left untreated any longer, could have become fatal. The court considered petitioner's testimony from the preliminary hearing that was conducted earlier in September 2021, for purposes of adjudication. At the preliminary hearing, petitioner admitted to the alleged drug use and even

---

[1]Petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Jennifer R. Victor appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner was not present but was represented by counsel.

stated that she used marijuana before arriving at the hearing and used methamphetamines only three days prior. She further admitted that she was not focused on providing medication to A.M., and that it may have "slipped [her] mind" due to drug effects. Therefore, the court found by clear and convincing evidence that the children were abused and neglected. Following adjudication, petitioner filed a written motion for a post-adjudicatory improvement period.

In January 2022, the court held a dispositional hearing, during which the DHHR and guardian supported termination. The court heard testimony of the DHHR case manager and petitioner testified on her own behalf. By order entered on January 27, 2022, the circuit court terminated petitioner's parental rights to the children, although it failed to rule on her motion for an improvement period. Petitioner appealed that order to this Court, and we vacated the dispositional order for lack of sufficient findings of fact and conclusions of law and remanded the matter for the entry of a sufficient dispositional order that included a ruling on petitioner's motion. *In re A.M.*, No. 22-0053, 2022 WL 3960120, at *4 (W. Va. Aug. 31, 2022)(memorandum decision). Following remand, the court issued a new order in which it found that petitioner "admitted to using illegal drugs the entirety of her adult life and during these proceedings," in addition to her failure to complete substance abuse treatment. According to the court, petitioner "enrolled in a 28-day program of her own choosing, [but] there is no evidence that program was specific for drug treatment." The court found that petitioner would not be likely to participate fully in an improvement period because she "not only chose services at the 11th hour, but also only the services in which she desired to participate," as she did not participate in drug screens or CPS services previously offered. The court noted that petitioner had threated to kill the children's foster parent inside the courthouse at a prior hearing, suggesting to the court that petitioner "does not respect the authority of the law." The court concluded that there is no reasonable likelihood the conditions of abuse and neglect, which led to the filing of the DHHR's petition, could be substantially corrected in the near future. Further, the court found that termination of petitioner's rights was necessary for the children's welfare and permanency. The court then terminated petitioner's parental rights. It is from this dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner asserts two assignments of error. First, petitioner argues that the circuit court should have granted her an improvement period. In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2) requires that the respondent demonstrate, by clear and convincing evidence, that she would be likely to fully participate in the improvement period. Additionally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). Here, the circuit court denied petitioner's motion for an improvement period based on her failure to participate in court-ordered drug screening and services, as well as her lack of respect for authority of the law. *See In re K.E.*, No. 21-0391, 2022 WL 294108, at *4 (W. Va. Feb. 1, 2022)(memorandum decision) (explaining that failure to abide by West Virginia law is compelling

---

[4]The circuit court also terminated the father's parental rights at the dispositional hearing. The permanency plan for the children is adoption in their current placement.

evidence that petitioner would not abide by the terms of an improvement period). Although the court recognized petitioner's participation in a rehabilitation program of her own choosing "at the 11th hour," the court emphasized that there was no evidence this program focused on substance abuse and did not find that to be enough to show likelihood of improvement in light of petitioner's actions throughout the proceedings. We find these compelling circumstances to justify denial of the requested improvement period and do not find that the circuit court abused its discretion.

Second, petitioner argues that the circuit court erred by terminating her parental rights where there were less restrictive alternatives available. We have held:

> [t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court correctly found that petitioner's failure to comply with services and court proceedings demonstrate there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future. This finding is supported by petitioner's own admissions and actions throughout the pendency of the case. Petitioner appeared at court proceedings after having used illegal substances, threatened to kill the children's foster parent during a hearing, failed to participate in court-ordered services, and only participated in a rehabilitation program of her own choosing shortly before disposition, which the court reasonably found was "too late." Petitioner further argues that because the children were placed in a stable home, termination of her rights was unnecessary as the children could have continued under a legal guardianship. However, she fails to address the circuit court's finding that termination of her rights was in the children's best interests in order to establish permanency. Petitioner also ignores our prior holdings stressing that "an adoptive home is the preferred permanent out-of-home placement of the child." Syl. Pt. 2, in part, *State v. Michael M.*, 202 W. Va. 350, 504 S.E.2d 177 (1998). We, therefore, find no error in the circuit court's factual findings and find them supported by the clear and convincing evidence in the record.

For the foregoing reasons, we find no error in the decision of the circuit court, and its order of September 16, 2022, is hereby affirmed.

Affirmed.

**ISSUED**: September 26, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn


BUNN, Justice, dissenting:

I dissent to the majority's resolution of this case on the merits. I would have dismissed the case by order of this Court.

Petitioner Mother is appealing the circuit court's September 16, 2022 order terminating her parental rights to her two children. On appeal, Mother raises two assignments of error: whether the circuit court erred by (1) terminating her parental rights without the opportunity for a post-adjudicatory improvement period and (2) terminating her parental rights where less restrictive alternatives were available. The majority opinion considers the merits of those assignments of error and finds that the circuit court correctly terminated Mother's parental rights. However, by a status update filed on September 11, 2023, the children's guardian ad litem informed this Court that the circuit court finalized the adoption of both children in August 2023. The guardian ad litem asserted that there is no record in the circuit court regarding Mother's current appeal. Additionally, the docket sheet included in the appendix record does not indicate that Mother filed any notice of her appeal with the circuit court.

Rule 49 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states that "[a]ppeals of orders under W. Va. Code § 49-4-601, et seq., are governed by the Revised Rules of Appellate Procedure." Rule 11(b) of the West Virginia Rules of Appellate Procedure applies specifically to abuse and neglect appeals and provides as follows:

> (b) *Docketing the Appeal.*—Within thirty days of entry of the judgment being appealed, the petitioner shall file the notice of appeal and the attachments required in the notice of appeal form contained in Appendix A of these Rules. The notice of appeal shall be filed in the Office of the Clerk of the Supreme Court. *In addition to serving the notice of appeal in accordance with Rule 37, the party appealing shall serve a copy of the notice of appeal, including attachments, on all parties to the action in circuit court, on the clerk of the circuit court from which the appeal is taken—which shall be made a part of the record in the circuit court—and* on each court reporter from whom a transcript is requested. To the extent that a transcript of a particular proceeding is necessary for the Supreme Court to review a disputed evidentiary or testimonial issue, the petitioner must so indicate in the notice of appeal. Upon motion filed in accordance with Rule 39(b), the Supreme Court may extend the time period for filing a notice of appeal for good cause shown.

(Emphasis added). Here, Mother failed to follow the mandate of Rule 11(b) to provide the required notice to the underlying circuit court.

4

Within the past year, several abuse and neglect cases have been appealed to this Court in which a circuit court has finalized the adoption of the subject children before the parent's appeal concerning the termination of parental rights has been resolved. Several of those cases presented a similar fact pattern: the appealing parent failed to give the required, timely notice to the underlying circuit court of that parent's intent to appeal the court's termination of the parental rights. *See, e.g.*, *In re K.B.*, No. 21-0277, 2022 WL 1092826 (W. Va. Apr. 12, 2022) (memorandum decision). We dismissed each of these cases. *See id.*, at *1 ("Upon review of the Rules of Appellate Procedure and in consideration of the applicable law, we conclude that the instant matter *is not appropriate for determination on the merits* because the appeal has been improvidently granted." (emphasis added)); Order, *In re A.W. and S.W.*, No. 21-0516 (May 5, 2022) (dismissing appeal by order when the adoption court had no notice of the mother's intent to appeal at the time the adoption had been finalized); Order, *In re T.W. and L.W.*, No. 22-0435 (April 24, 2023) (dismissing appeal by order where "petitioner failed to file the notice of appeal with the circuit court"); Order, *In re C.W., T.W., P.W., and L.W.*, No. 22-0438 (April 24, 2023) (same).

We have consistently declined to address the merits of an appeal from a termination of parental rights in abuse and neglect proceedings where the appealing parent has failed to provide proper and timely notice of appeal to the circuit court below. Consequently, I would have not considered the merits of this case; instead, I would dismiss the appeal by order. Accordingly, I dissent.